UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIOLA JEAN BLACK,

    Plaintiff,

v.                                                  Case No.  2:09-cv-762-FtM-36SPC

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on the Report and Recommendation of United States Magistrate Judge Sheri Polster Chappell (Doc. 21), filed on October 1, 2010.  On October 15, 2010, Plaintiff Viola Jean Black filed an Objection to the Report and Recommendation (Doc. 22).  In her Objection, Plaintiff argues that the Administrative Law Judge (ALJ) applied an incorrect grid rule in reaching her decision of "not disabled", that the assessment of Plaintiff's residual functional capacity was not supported by substantial evidence, and that the ALJ's hypothetical question to the Vocational Expert was not accurate because it failed to incorporate all of Plaintiff's limitations. Specifically, Plaintiff argues that the ALJ stated that Plaintiff was "functionally illiterate" and should have therefore rendered a decision of "disabled."  The Court disagrees.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards.  *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.

*Crawford*, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm so long as the decision reached is supported by substantial evidence. *Crawford*, 363 F.3d at 1158–59. The Court does not decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. *Dyer*, 395 F.3d at 1210; *Shinn ex rel. Shinn v. Commissioner of Social Security*, 391 F.3d 1276, 1282 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The Court finds that the Commissioner's decision was supported by substantial evidence and is based upon proper legal standards. As to the ALJ's use of "functional illiteracy" or "functionally illiterate", the Commissioner's regulations define illiteracy as "the inability to read or write." 20 C.F.R. 404.1564(b)(1) ("We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists...[g]enerally, an illiterate person has had little or no formal schooling"). By Plaintiff's own admission, she can read a newspaper, but has trouble with "the big words." Tr. at 32, 49. In fact, Plaintiff cites "reading" as one of her hobbies. *Id.* at 129. In addition, Plaintiff completed high school through the tenth grade. *Id.* at 31. Moreover, the ALJ found that Dr. White's findings suggesting that Plaintiff functions in the "mildly retarded to borderline range of intellectual functioning" were "not well supported by the record as a whole or clearly defined." Tr. at 21. Thus, although the Court is loath to infer the ALJ's actual intent, in context it appears that her use of the expressions "functionally illiterate" or "functional illiteracy" was meant to describe Plaintiff's low-level reading ability rather than to suggest that the Plaintiff is illiterate under the regulatory definition of the word. Additionally, in her decision, the ALJ

identifies "functional illiteracy" as an expression reported by claimant. Tr. 19, Finding No. 5. In applying the Medical-Vocational Rule, the characterization of Plaintiff as having a "limited education" as opposed to characterizing her as "illiterate" was proper and supported by substantial evidence.

Thus, after conducting a de novo examination of the file and upon due consideration of Magistrate Judge Chappell's Report and Recommendation, the Court accepts the Report and Recommendation in its entirety.

Accordingly, it is now **ORDERED and ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 21) is **ADOPTED, CONFIRMED and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2. The Decision of the Commissioner of Social Security is **AFFIRMED**.

3. The clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE AND ORDERED** at Fort Myers, Florida on March 22, 2011.

Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO:**
Magistrate Judge Sheri Polster Chappell
Counsel of Record